## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**KEITH F. OTT**[1],

     **Plaintiff,**

**vs.**                           **CASE NO.  4:22-CV-00361-WS-MAF**

**WARDEN ALLEN**[2],

     **Defendants.**

                                 /

## REPORT AND RECOMMENDATION

Plaintiff, Keith F. Ott, a prisoner at Wakulla Correctional Institution (Wakulla C.I.) proceeding *pro se*, initiated this civil rights case pursuant to 42 U.S.C. § 1983. See ECF No. 1. This Court screened Plaintiff's original complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found the complaint insufficient as filed. ECF No. 3. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and advised Plaintiff his complaint would likely be dismissed if he did not

---

[1] The docket incorrectly shows Plaintiff's middle initial as "S" rather than "F." Accordingly, the Clerk of Court is directed to make the correction.

[2] The docket incorrectly indicates that Plaintiff sued two defendants – the warden and Wakulla C.I. However, Plaintiff only sued Warden Allen. See ECF No. 1, p. 2. The Clerk of Court is directed to terminate Wakulla C.I. as a defendant in this case.

correct deficiencies by November 4, 2022. ECF No. 3, pp. 1, 13-14. Before the deadline, Plaintiff filed an amended complaint on October 17, 2022. ECF No. 4. The amended complaint suffers from even more deficiencies than the original complaint and should be dismissed.

Additionally, Plaintiff was ordered to submit a motion to proceed *in forma pauperis* or, alternatively, pay the $402 filing fee by the same deadline. As of drafting this Report, Plaintiff has not filed an *IFP* motion or paid the requisite fee. For the reasons stated, it is recommended that the complaint be dismissed; and the case be closed.

## I.    Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled

to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). The Court begins with a summary of the two complaints.

## II.    Plaintiff's Original Complaint, ECF No. 1.

Plaintiff sued one defendant, the warden of Wakulla C.I. ECF No. 1. Plaintiff does not indicate whether he is suing the warden in his individual or official capacity. Id., p. 2. Plaintiff claims that he is bringing forward this lawsuit pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971); however, he does not name any federal defendant. Id., p. 4. Warden Allen is, at best, a state employee because Wakulla C.I. is a prison within the Florida Department of Corrections. Plaintiff claims that he is both a convicted state prisoner and a convicted federal prisoner. Id., p. 4. However, according to PACER records, Plaintiff was never a defendant in a federal criminal case. Id.

The facts are scant and nonsensical, so much so, that it was difficult to ascertain the nature of Plaintiff's claims. Id., p. 6. Plaintiff states only:

> File criminal cases. I sover[eign] and summary judg[]ment and case file information and need my case management/electronic case files (CM/ECF) Rule 35 letter turning donn (sic) case Rule 11, Rule 36 and Rule 33 Rule 26 and Rule 81 and Rule 3, Rule 4.

Id., p. 6.

At best, Plaintiff might be asking for his criminal case information and, perhaps, copies of filed documents. Id. To make sense of Plaintiff's complaint, pursuant to Fed. R. Evid. 201, the Court takes judicial notice of

Plaintiff's criminal case in Osceola County, Case No. 49-2018-CR-004558.[3] In that case, pursuant to a guilty plea, Plaintiff was adjudicated guilty of battery of a child by throwing, projecting, or expelling certain fluids or materials and child abuse. Plaintiff is currently serving his sentence at Wakulla C.I. ECF No. 1, p. 13.

Plaintiff does not ask the Court for any relief, rather he simply cites Bivens, and certain rules within the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. Id., p. 7. The Court advised Plaintiff his complaint was legally insufficient. ECF No. 3. Particularly, *pro se* litigants are entitled to liberal construction of their pleadings; however, they are required to conform to procedural rules. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002); see also McNeil v. United States, 508 U.S. 103, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

---

[3] Osceola County criminal case records are available at the following URL: https://courts.osceolaclerk.com/BenchmarkWeb/Home.aspx/Search. Accessed: 10/5/2022.

According to the Florida Department of Corrections, Corrections Offender Network, this is the only case under which Plaintiff was sentenced to a prison term in the State of Florida. The Corrections Offender Network is available at the following URL: http://www.dc.state.fl.us/OffenderSearch/Search.aspx. Accessed: 10/5/2022.

### III.    Plaintiff's Amended Complaint, ECF No. 4

Plaintiff had sufficient opportunity to correct his legally insufficient complaint. See generally ECF No. 3. On October 17, 2022, Plaintiff filed an amended complaint, ECF No. 4, which is now the operative complaint. Plaintiff indicates in the amended complaint that he is suing under Bivens. Id., p. 4. The cover page and signature page are the only parts of the complaint form that Plaintiff completed. Part I of the complaint form requires Plaintiff to name the parties in the action. Id., pp. 2-3. Plaintiff did not indicate any. Id. Part III requires Plaintiff to identify his prisoner status. Id., p. 4. Plaintiff did identify his prisoner status. Id. Parts IV and V require Plaintiff to make a statement of facts and statement of claims. Id., pp. 4-7. Plaintiff did not complete either of these sections. Finally, Part VI requires Plaintiff to state the type of relief he seeks. Id., p. 7. Plaintiff did not request any relief. Id.

Plaintiff's amended complaint is essentially blank and is completely frivolous. The Court ordered Plaintiff amend his complaint; and Plaintiff failed to make any substantive revisions.

### IV.    Discussion – Plaintiff Failed to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be

dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. & Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

Plaintiff's complaints were completely frivolous. Under Section 1915(e), a complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Complaints should be dismissed as frivolous when the legal theories are "indisputabl[y] meritless" or when the claims rely on factual allegations that are "clearly baseless." Neitzke, 490 U.S. at 327; Denton v. Hernandez, 504 U.S. 25, 31, 122 (1992). The undersigned gave Plaintiff the opportunity to correct the deficiencies. ECF No. 3. Plaintiff responded by filing a mostly blank complaint form. ECF No. 4. The operative complaint contains no statement of claims or facts. As such,

Plaintiff's complaint should be dismissed as frivolous.

Plaintiff's complaint should also be dismissed for failure to comply with court orders. When ordered to amend his complaint by this Court, Plaintiff made no substantive amendments. Additionally, this Court ordered Plaintiff to file a motion to proceed *in forma pauperis*, or, alternatively, pay the $402 filing fee. See ECF No. 3. As of this writing, Plaintiff did not file an *IFP* motion or pay the fee. Such defiance to this Court's orders need not be tolerated. Id. Dismissal is appropriate.

## V.    Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 4, be **DISMISSED** without prejudice because it is frivolous; and it is otherwise futile to amend. This complaint should also be dismissed for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") Finally, it is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is **DIRECTED** to **CORRECT** the docket in this case to reflect the following: (1) Plaintiff's middle initial is "F" not "S" and (2) Wakulla C.I. shall be terminated as a defendant.

IN CHAMBERS at Tallahassee, Florida on November 4, 2022.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).